[300]  *CHARLES L. WILSON, Respondent, *v.* AU-
GUSTUS M. HESLEP, P. A. MORSE and others,
COMMISSIONERS OF THE FUNDED DEBT OF THE
CITY OF SAN FRANCISCO, Appellants.

Interpleader, Appropriation for Payment of Award.—A having an award in
his favor against the City of San Francisco, and a suit pending to enforce the
same, the Common Council made an appropriation for the payment of the
award: *Held* that A cannot be compelled to litigate his rights with B, who has
stood by without notice of his claim.

Appeal from the Superior Court of the City of San
Francisco.

The complaint stated that one Hardin Bigelow, in the
month of March, 1850, made a contract with the City of
San Francisco, to furnish the city with piles and piling-tim-
ber; that the city had not complied with the contract, and
thereby had become indebted to Bigelow, who, on the 6th
of September, 1850, assigned to the plaintiff his claim upon
the contract, and damages for its non-fulfilment.

The complaint also stated that the defendant Heslep, had
set up a claim against the city for the proceeds and benefits
of the contract, claiming to represent Bigelow by virtue of
an assignment, for the benefit of the creditors of Bigelow;
that Heslep, an assignee, had commenced a suit in the Sixth
District Court for said claim, but had abandoned it, and
subsequently presented a memorial to the Common
Council of the City of San Francisco, praying an allowance
and settlement of the claim, which memorial was referred,
by ordinance, to a committee, with full power and authority
to settle and liquidate the claim, and said committee reported
that there was due from the city, upon said contract, to the
legal representatives of said Bigelow, the sum of $15,000,
and authorized the defendants, Morse and others, Com-

missioners of the Funded Debt, * to fund said [301] claim and issue bonds of the city to that amount, to the legal representatives of Bigelow, upon the payment by them of the costs and disbursements of the city in said suit.

The complaint charged that the assignment to Heslep, if made at all, was subsequent to the assignment to the plaintiff, and prayed that the bonds then unissued ($10,000) should be decreed to be issued to the plaintiff, upon the payment of the costs of the suit of *Heslep* v. *The City.*

The memorial of Heslep was annexed to the complaint, and stated that, notwithstanding his established legal rights, he wished to adjust his controversy with the city, in a spirit of liberality and compromise, without further expense or litigation.

The answer of the defendant Heslep, charged that the assignment to Wilson was forged, or, if genuine, was fraudulent, and denied that he, Heslep, had abandoned the suit against the city. The answer alleged that there was an award against the city, confirmed by the Supreme Court, upon which Heslep relied and would have enforced it, when it was suggested to him, as his future proceedings were merely formal, to submit his award, without further legal proceedings, to the city authorities.

The answer of Heslep demanded that the city should be made a party to the proceedings.

The answer of Morse and other Commissioners, admitted the liability of the city, and averred readiness to issue the bonds, but asked the Court to decide to whom they should be issued.

The defendant Heslep, also filed a demurrer to the complaint, and assigned the following causes:

1st. A defect of parties defendant, for that the City of San Francisco, the debtor to the defendant, is the debtor of said Wilson, if he had a valid or legal claim.

2d. The said complaint does not state facts sufficient to constitute a cause of action.

The Court overruled the demurrer, and Heslep excepted.

The defendant offered in evidence at the trial, *inter alia,*

the award in his favor, which was excluded by the Court, and he excepted.

[302]      *The jury were instructed to render a special verdict, which they did, to the effect that Bigelow executed the assignment to Wilson, on the 6th of October, 1850, and that it was not fraudulent. A motion for a new trial was refused by the Court, and judgment was entered in favor of the plaintiff, for the issuance and delivery to him by the Commissioners, of bonds of the city, to the amount of $10,000, in payment of his claim against the Commissioners, or the city, as assignee of Hardin Bigelow, on the payment of the costs of *Heslep* v. *The City*. Whereupon the defendant Heslep, appealed.

*Heslep & Howard,* for Appellant.

The defendant Heslep, cannot be called on to interplead by the mere answer of his co-defendants. (Story's Equity, title Interpleader; *Atkinson* v. *Marks,* 1 Cowen, 703.)

An assignee does not take subject to an equity, of which he has no notice.) (*Munroe* v. *Holcombe,* 3 Lee 597), especially where he perfects his title by notice to the debtor. (2 Spencer's Equity, 858, note 856; 15 Eng. Ch. R. p. 35; 17 Ib. 219; 23 Ib. 73; 3 Day, 364, 353.)

An award, on a matter properly submitted, merges the original demand, and is conclusive. (4 Munroe, 47, 258; 6 Little, 263; 4 Cow. 259; 1 Am. Chancery Dig. 215, art. 21)

*Wells, Haight & Sharp,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

It is unnecessary to examine the various errors assigned upon the argument of this case, as we are satisfied, from the plaintiff's own showing, that he cannot recover, as against Heslep, the defendant.

The report of the Committee of the Common Council, on the subject of disputed claims, was predicated on the de-

fendant's memorial, and the fact that there was at that time, an award in his favor, and a suit pending to enforce the same.

We think the only fair and legal inference that can be drawn is, that the Council intended to apply the amount ascertained to be due, upon the award which Heslep had obtained. The * City of San Francisco [303] could not have compelled him to liquidate the question with a third party, so long as the award remained in force and a charge against the city, and it is hardly to be supposed that he would ever have voluntarily abandoned the security which he thus held, and have consented to throw the whole matter back into law, and contest his rights with new claimants.

It would be inequitable and unjust, in the highest degree, thus to allow a party to stand by without any notice of his claim, and then appropriate the fruits of another's labor to himself.

We decide that the amount for which the Commissioners of the Funded Debt are authorized to issue bonds, must be paid to the defendant Heslep, and that the respondent, if he has any rights in the premises, must maintain them in an action against the City of San Francisco, upon his assignment.

The judgment of the Court below is reversed, with costs, and directions to enter a decree in conformity with this opinion.